IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LAUREN E. McWATERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 2:18cv103-WKW-SMD |
| ) | |
| JUDGE MICHELLE HART THOMASON, ) | |
| ) | |
| Defendant. ) | |

# RECOMMENDATION OF THE MAGISTRATE JUDGE

On February 8, 2018, Plaintiff filed a complaint in this court against Judge Michelle Hart Thomason, alleging that Judge Thomason denied her mother court appointed counsel in a case in which Plaintiff was a dependent. (Doc. 1) at 1. Plaintiff listed the address of Judge Thomason as Bay Minette, Alabama, and noted that the place of her alleged civil rights violations occurred in Baldwin County, Alabama. *Id*. Because the named defendant is alleged to reside in Bay Minette, Alabama, and because Plaintiff's purported civil rights violations occurred in Baldwin County, Alabama—both of which are outside of the Middle District of Alabama—the undersigned finds venue to be improper. Because Plaintiff's claims, even if filed in the appropriate court, are time-barred, the undersigned recommends that this case be dismissed.

**I.   DISCUSSION**

Twenty-eight U.S.C. § 1391, which sets forth venue generally, states that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

    (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

    (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Here, the events giving rise to Plaintiff's claim occurred in Baldwin County, Alabama. (Doc. 1) at 1. Baldwin County, Alabama, is located in the Southern District of Alabama, Southern Division. 28 U.S.C. § 81(c)(2). The address of the defendant—as listed by Plaintiff in her complaint—is also located within the Southern District, Southern Division.[1] (Doc. 1) at 1. Thus, pursuant to 28 U.S.C. § 1391(b)(1) and (2), Plaintiff's action is properly asserted in the Southern Division of the Southern District of Alabama—not in the Middle District of Alabama where it was filed.

Because the original venue in which Plaintiff filed her complaint was not proper, 28 U.S.C. § 1406(a) is the appropriate statute that governs the disposition of Plaintiff's case. Section 1406(a) states:

    The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

Thus, pursuant to the statute, this court may transfer Plaintiff's case to the Southern District, Southern Division, or this court may dismiss Plaintiff's case. Typically, transfers

---

[1] Plaintiff has listed Judge Thomason's address as Bay Minette, Alabama, which is located in Baldwin County. *See* City of Bay Minette, www.cityofbayminette.org (last visited Feb. 21, 2019).

2

afforded "in the interest of justice" occur when the running of the statute of limitations would preclude the filing of a new suit in the proper district. *See, e.g., Goldlawr, Inc. v. Heiman*, 369 U.S. 463 (1962).

Here, Plaintiff claims that the events giving rise to her claims occurred on December 6, 2005. (Doc. 1) at 1. The complaint also includes a notation the undersigned believes to reference Plaintiff's mother's state court case: "RH v. DN 206115 10-10-2008." *Id*. Although the undersigned is not certain, it is likely that "10-10-2008" is a date related to that case, which is the basis of Plaintiff's suit. Assuming momentarily that Plaintiff could assert some type of 42 U.S.C. § 1983 claim for violations of her federal constitutional rights, such a claim would be time-barred. This is because the statute of limitations for a § 1983 claim is two years, and the limitations period begins to run when the plaintiff knows or has reason to know that she has suffered an injury and who has inflicted that injury. *See Johnson v. City of Bessemer*, 180 F. Supp. 3d 1013, 1023 (N.D. Ala. 2016) (citing *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003)). Plaintiff's injury occurred, by her own assertion, in 2005 or, at the latest, 2008. Clearly, Plaintiff knew, or should have known, at that time who inflicted her injury. Yet, Plaintiff waited until February 6, 2018, to file suit. As such, Plaintiff's complaint is time-barred based upon any actions taken by Judge Thomason occurring prior to February 8, 2016.

Because Plaintiff's complaint is time-barred, the undersigned finds no reason to transfer the case to the Southern District. Instead, the undersigned finds that dismissal of Plaintiff's complaint is appropriate.[2]

## II.  CONCLUSION

For all of the foregoing reasons, the undersigned

RECOMMENDS that Plaintiff's Complaint (Doc. 1) be DISMISSED.

It is further ORDERED that Plaintiff is DIRECTED to file any objections to this recommendation not later than **March 18, 2019**. Any objections filed must specifically identify the findings in the Magistrate Judge's recommendation to which Plaintiff is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the

---

[2] The undersigned is recommending dismissal of Plaintiff's complaint without first asking Plaintiff to amend her complaint. The undersigned believes requesting such amendment would be futile because Plaintiff's complaint asserts claims that are time barred; that are subject to judicial immunity; and for which she likely lacks standing. The undersigned believes that Plaintiff's claims are incapable of being crafted into viable claims for those reasons. Accordingly, leave to amend Plaintiff's complaint need not be afforded in this instance. *See, e.g., Cornelius v. Bank of Am., NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) ("While a pro se litigant generally must be given at least one opportunity to amend [her] complaint, a district judge need not allow an amendment where amendment would be futile.").

Furthermore, the opportunity to amend ordinarily contemplated by governing case law, *see Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002), is not inconsistent with the undersigned's recommendation of dismissal. Plaintiff will be permitted to file objections to the findings set forth in this Recommendation, and thus she is afforded the requisite opportunity to be heard about the deficiencies of her complaint prior to any dismissal of the complaint.

District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Hamilton v. Sheridan Healthcorp, Inc.*, 700 F. App'x 883, 887 (11th Cir. 2017) (unpublished).

    Done this 4th day of March, 2019.

                        /s/ Stephen M. Doyle
                        UNITED STATES MAGISTRATE JUDGE